UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Progressive Produce Corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>Wild West Produce, LLC;<br>Mario G. Luera a/k/a/ Gil M Luera; Amy Luera,<br><br>　　　　Defendants. | CV 13-00665 RSWL (PJWx)<br><br>**ORDER Re: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** [15] |

　　　Currently before the Court is Plaintiff Progressive Produce Corporation's ("Plaintiff") Motion for Default Judgment [15].  The Court, having considered all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

　　　Plaintiff's Motion for Default Judgment is **GRANTED**.

### I.　INTRODUCTION

　　　Plaintiff brings the present Motion for Default

1

Judgment against Defendants Wild West Produce, LLC, Mario G. Luera, and Amy Luera (collectively "Defendants") [15]. Plaintiff alleges that on December 12, 2012, it sold and shipped perishable agricultural commodities to Defendants, who initially agreed to pay $13,600 for said goods but have since failed and refused to do so despite Plaintiff's repeated demands for payment.  Plaintiff instigated the present Action against Defendants in January 2013 in order to enforce Plaintiff's rights under the Perishable Agricultural Commodities Act of 1930 ("PACA").  First Amended Complaint ("FAC"). ¶ 1.  Despite Plaintiff's service of the Summons and Complaint on Defendants, none of them have appeared in this Action.  Accordingly, Plaintiff filed the instant Motion for Default Judgment against all Defendants on April 19, 2013.

## II. DISCUSSION

As a matter of initial concern, the Court finds that it has proper subject matter and personal jurisdiction in this case.  Pursuant to 28 U.S.C. §§ 1331 and 1367, the Court has subject matter jurisdiction because this Action was brought, in part, under the Perishable Agricultural Commodities Act of 1930 ("PACA").  Personal jurisdiction arises from Defendants' commercial activities within California.

Additionally, Plaintiff has met the procedural requirements of Local Rule 55-1 for default judgment. Specifically, the Court Clerk entered default against

Defendants as to the First Amended Complaint on April 17, 2013 [14]. Defendants are not minors, incompetent, in the military, or otherwise exempted under the Servicemembers Civil Relief Act. Read Decl. ¶ 20. Lastly, Plaintiff attached a Certificate of Service to the instant Motion indicating that Plaintiff provided Defendants with notice of the Motion.

Furthermore, the Court finds that the substantive factors set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470 (9th Cir. 1986), weigh in favor of granting default judgment. First, the Plaintiff will likely be prejudiced if the Court denies the instant Motion because Plaintiff will be left without any other remedy and probably will not recover the amount that Defendant owes. <u>See</u> <u>Elektra Entm't Group Inc. v. Crawford</u>, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Second, Plaintiff sufficiently alleges facts in the FAC to support claims for violation of PACA (claims 2-5), breach of contract (claim 1), unjust enrichment (claim 6), conversion and unlawful detention of PACA trust assets (claim 7), and declaratory relief (claim 8).

Third, there is nothing to suggest the possibility of a dispute over material facts because Defendant has not filed an answer to the FAC. Additionally, where a plaintiff has filed a well-pled complaint, the possibility of a dispute over material facts is remote. <u>Landstar Ranger, Inc. v. Parth Enters., Inc.</u>, 725 F. Supp. 2d 916, 921-22 (C.D. Cal. 2010). Fourth,

3

there is no evidence that Defendants' failure to respond was the result of excusable neglect.

Fifth, although federal policy favors decisions on the merits, Federal Rule of Civil Procedure 55(b) permits the entry of default judgment in situations, such as this, where the defendant has refused to litigate. In addition, a defendant's failure to answer a complaint "makes a decision on the merits impractical, if not impossible." Elektra, 226 F.R.D. at 393; Pepsico, Inc. v. Cal. Security Cans., 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Accordingly, the Court finds that default judgment against Defendants is warranted in this case.

As to damages, Plaintiff has sufficiently established through the declaration of Sue Cadena, Credit Manager of Progressive Produce Corporation, and the invoice attached thereto that Defendants are liable to Plaintiff for $13,600 in principal damages. See generally Cadena Decl. Thus, the Court grants Plaintiff's request for recovery of the same.

According to the Ninth Circuit, pre-judgment interest may be included in a PACA trust claim if it is supported by a contractual right. Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1225-26 (9th Cir. 2002). Here, the invoice confirming Plaintiff's sale to Defendants states: "A FINANCE CHARGE calculated at the rate of 1 1/2% PER MONTH (18% ANNUALLY) will be applied to all PAST DUE

1  ACCOUNTS." Cadena Decl., Ex. 1 (emphasis in original).
2  Although this provision is an "additional term" to the
3  Parties' agreement, in that it was added after
4  Plaintiff shipped the produce to Defendant, it still
5  became a part of the contract (see Cal. Com. Code §
6  2207(2)) and created a contractual right among the
7  Parties. See C.H. Robinson Co v. Marina Produce Co.,
8  Inc., No. C05-04032 WHA, 2007 WL 39311, at *4 (N.D.
9  Cal. Jan. 4, 2007). Therefore, although interest
10 normally accrues at the legal rate, the correct pre-
11 judgment interest rate to apply here is 18%. See
12 Wahluke Produce, Inc. v. Guerra Mktg. Int'l Inc., No.
13 1:11-CV-1981 LJO-BAM, 2012 WL 1601876, at *5, (E.D.
14 Cal. May 7, 2012) (citing Citicorp Real Estate, Inc. v.
15 Smith, 155 F.3d 1097, 1108 (9th Cir. 1998)); Church
16 Bros., LLC. v. Garden of Eden Produce, LLC, No. 5:11-
17 CV-04114 EJD, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5,
18 2012); Abbate Family Farms Ltd. P'ship v. P.Y. Produce,
19 No. C-11-00319 EDL, 2011 WL 7081569 at *4 (N.D. Cal.
20 Nov. 22, 2011), report and recommendation adopted, No.
21 C 11-0319 PJH, 2012 WL 177541 (N.D. Cal. Jan. 23,
22 2012). The Court awards Plaintiff pre-judgment
23 interest of $817.60, plus pre-judgment interest at the
24 rate of $6.70 per day beginning April 20, 2013, and
25 continuing through the date that judgment is entered.
26 See Read Decl. ¶ 16 & Ex. 2.
27     Post-judgment interest is generally governed by 28
28 U.S.C. § 1961, which mandates the awarding of post-

1  judgment interest according to the federal rate.  <u>Air
2  Separation, Inc. v. Underwriters at Lloyd's of London</u>,
3  45 F.3d 288, 290 (9th Cir. 1995). Because Plaintiff has
4  not set forth sufficient evidence to support its
5  request for post-judgement interest at the rate of 18%
6  per annum, Plaintiff is only entitled to post-judgment
7  interest calculated at the federal rate pursuant to
8  Section 1961.
9      According to the invoice that Plaintiff sent to
10 Defendants, "[s]hould any action be commenced between
11 the parties to this contract to collect the sums due
12 hereunder the prevailing party shall be entitled to
13 recover actual attorney's fees in connection with such
14 action." Cadena Decl., Ex. 1.  Similar to Plaintiff's
15 addition of the "pre-judgment interest rate" term to
16 the Parties' agreement, the attorney's fee provision
17 became a part of the Parties' contract pursuant to
18 California Commercial Code § 2207(2) and created a
19 contractual right to attorney's fees.  <u>See</u> <u>C.H.
20 Robinson</u>, 2007 WL 39311 at *4.  Thus, Plaintiff may
21 recover attorney's fees pursuant to said provision.
22 <u>See</u> <u>Wahluke</u>, 2012 WL 1601876 at *6; <u>Sequoia Sales, Inc.
23 v. P.Y. Produce, LLC</u>, No. CV 10-5757 CW NJV, 2011 WL
24 3607242, at *7 (N.D. Cal. July 29, 2011), <u>report and
25 recommendation adopted</u>, No. C 10-5757 CW, 2011 WL
26 3585943 (N.D. Cal. Aug. 15, 2011).
27     Plaintiff seeks attorney's fees according to the
28 schedule set forth in the Local Rules for fees awarded

in default judgment. L.R. 55-3. Basing such calculations on a judgment amount of $14,417.60, which includes the award of principal damages and pre-judgment interest, Plaintiff is awarded $1465.05 in attorney's fees.

Lastly, Plaintiff seeks reimbursement of court costs in the amount of $626. Mot. 6:21. However, the Record only supports costs in the amount of $581, for Plaintiff's initial filing fee with the Court was $350 [1], not $395 as indicated by Plaintiff's counsel. Cf. Read Decl. ¶ 19. Accordingly, the Court awards Plaintiff costs in the amount of $581. See L.R. 54-3.1, 54-3.2.

### IV. CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Default Judgment and awards Plaintiff $13,600 in principal damages; $817.60 in pre-judgment interest, plus finance charges from April 20, 2013, through the date that judgment is entered at the daily rate of $6.70; post-judgment interest at the federal rate; $1465.05 in attorney's fees; and $581 in costs.

**IT IS SO ORDERED.**
Dated: May 9, 2013.

                         RONALD S.W. LEW
                         **HONORABLE RONALD S. W. LEW**
                         U.S. District Court Judge